JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICA MICHELLE HENDERSON, JEFFREY PIERCE HENDERSON, <br><br> Petitioners, <br><br> v. <br><br> ALEJANDRO VILLANUEVA, <br><br> Respondent. | Case No. CV 21-00802-PA (JEM) <br><br> ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |

On January 25, 2021, Erica Michelle Henderson and Jeffrey Pierce Henderson ("Petitioners"), proceeding pro se, filed a petition for writ of habeas corpus ("Petition" or "Pet.") pursuant to 28 U.S.C. § 2254

## BACKGROUND

Petitioners are challenging the issuance of a restraining order imposed by the Family Court Division of the Los Angeles County Superior Court in case number CK57697, which restrains them from possessing firearms or having contact with their minor children until 2023. (Pet. at 2.) Petitioners state that a temporary restraining order was issued on February 13, 2020, and a permanent restraining order was issued on July 16, 2020. (Id.) There is no indication that Petitioners were taken into custody or that their physical liberty was restrained as a result of the order at issue.

**PETITIONER'S CLAIMS**

Petitioners assert the following claims:

1. Petitioners were denied access to court on July 6 and 16, 2020, when they were not allowed to enter the courthouse for scheduled hearings.

2. Petitioners were denied access to exculpatory evidence, including the case file and witness statements.

3. Petitioners were denied the right to investigate the allegations against them because the trial court denied their request for appointment of a private investigator.

4. Petitioners were denied the right to investigate the allegations against them and were not allowed to confront witnesses concerning the allegations that Petitioners unlawfully harassed their children.

5. Petitioners were not given notice of the ruling against them, which resulted in their appeal being rejected as untimely.

(Pet. at 5-6.)

**DISCUSSION**

**I.   DUTY TO SCREEN**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts mandates the summary dismissal of a Section 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition should be summarily dismissed.

**II.   THE PETITION SHOULD BE DISMISSED**

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty" and limit it to "cases of special urgency[.]" Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara

County, 411 U.S. 345, 351 (1973). This requirement is jurisdictional. Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

While the habeas petitioner must be "in custody" at the time of petition, the meaning of this term under § 2254 is not limited to physical confinement. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). A petitioner on parole, for example, is still considered in custody for purposes of invoking habeas jurisdiction. Id. at 491. Additionally, the restraint need not result from a criminal conviction; civil court orders can render an individual in custody. Duncan v. Walker, 533 U.S. 167, 176 (2001). The key issue is "whether the legal disability in question somehow limits the putative habeas petitioner's movement." Williamson v. Gregoire, 151 F.3d 1180, 1183 (9th Cir. 1998).

Here, Petitioners allege that they are under a restraining order that prevents them from possessing firearms or having contact with their children until 2023. (Pet. at 2.) These are not the types of significant restraints on physical liberty necessary to render them "in custody" for purposes of federal habeas jurisdiction. See, e.g., Williamson, 151 F.3d at 1183-85 (sex offender registration statute does not place petitioner in custody because it does not place a "significant restraint . . . on physical liberty" by restricting the registrant's freedom to move about); Harvey v. South Dakota, 526 F.2d 840, 841 (8th Cir. 1975) (firearm restriction does not place petitioner "in custody" because it is "neither severe nor immediate" restraint on liberty) (quoting Hensley, 411 U.S. at 351); Austin v. California, 2020 WL 4039203, at *2 (N.D. Cal. Jul. 17, 2020) (firearm and contact restrictions imposed by restraining order do not render petitioner "in custody" under habeas statute); Rouse v. Chen, 2002 WL 826835, at *1 (N.D. Cal. Apr. 19, 2002) (firearm restrictions imposed by restraining order are not significant restraints on petitioner's physical liberty); cf. Dow v. Circuit Court of the First Circuit, 995 F.2d 922, 923 (9th Cir. 1993) (mandatory attendance at alcohol rehabilitation program satisfies custody requirement because it requires petitioner's "physical presence at a particular place"). The restraining order that prevents Petitioners from possessing firearms and having contact with their children do not sufficiently constrain their physical liberty and, therefore, they are not "in custody pursuant to the judgment of a State court" as required by

28 U.S.C. § 2254(a). The Court is without subject matter jurisdiction to entertain the Petition and it should be dismissed with prejudice.[1]

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

The Court has found that the Petition should be dismissed with prejudice. For the reasons stated above, the Court concludes that Petitioner has not made a substantial showing of the denial of a constitutional right, as is required to support the issuance of a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

## ORDER

IT IS HEREBY ORDERED that: (1) the Petition is dismissed with prejudice; and (2) a certificate of appealability is denied.

IT IS SO ORDERED.

DATED: February 11, 2021

_____
PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

---

[1] Even if the Petition were cognizable on federal habeas review, Petitioners could not obtain relief because it is clear from the face of the Petition that they have not exhausted state remedies. See 28 U.S.C. § 2254(b); see also Rose v. Lundy, 455 U.S. 509, 518-19 (1982).